IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SMITH INTERNATIONAL, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1054 |
| | § | |
| HALLIBURTON ENERGY SERVICES, | § | |
| INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss, Stay or Transfer [Doc. # 10] filed by Defendant Halliburton Energy Services, Inc. ("Halliburton"). On March 21, 2005, Halliburton filed a declaratory judgment action in the United States District Court for the Eastern District of Texas, Tyler Division, Civil Action No. 05-CV-93. When filed, the Tyler lawsuit involved two of Smith International, Inc.'s ("Smith's") patents, No. 6,516,293 ("the '293 patent") and No. 6,527,068 ("the '068 patent").

On March 29, 2005, the date a new patent, No. 6,873,947 ("the '947 patent") was issued to Smith, Smith filed this patent infringement lawsuit against Halliburton, alleging infringement of the '293 patent, the '068 patent, the newly-issued '947 patent, and a fourth patent, No. 6.612,384 ("the '384 patent"). On March 31, 2005, Halliburton moved to amend the Tyler lawsuit to add the '947 patent and the '384 patent, and that motion was granted on April 18, 2005.[1]  As a result, the Tyler lawsuit now involves a declaratory judgment action

---

[1]   The Tyler court issued an amended order granting Halliburton's motion on April 20, 2005.

involving all four Smith patents, and this lawsuit involves a patent infringement action involving the same four Smith patents.

On April 11, 2005, Smith filed a motion in the Tyler lawsuit seeking to have the case dismissed, stayed or transferred to Houston. On April 25, 2005, Halliburton filed the instant motion seeking to have this case dismissed, stayed or transferred to Tyler.

The Federal Circuit applies "the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). "The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." *Id.* at 1348.

It is clear that the Tyler declaratory judgment case was filed first. Additionally, the Court has been advised that Smith's motion seeking to dismiss, stay or transfer the Tyler case has been denied. Consequently, considerations of judicial economy, as well as the just and effective disposition of disputes, favor trying the two cases together. The general rule favors transfer of this case to Tyler, where the first case was filed, and Smith has failed to show that the general rule should not be followed in this case. Accordingly, it is hereby

**ORDERED** that Halliburton's Motion to Dismiss, Stay or Transfer [Doc. # 10] is **GRANTED** to the extent that this case is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division. The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **23rd** day of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge